IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD L. SASSELLI,

      Plaintiff,                    No. S-06-2204 GEB CMK

   vs.

JIM PENA, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is proceeding with this civil rights claim without counsel and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). By order filed March 1, 2007, the court dismissed plaintiff's complaint with leave to amend within thirty days. Plaintiff has filed a timely amended complaint.

        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Pro se pleadings are liberally construed. <u>See</u> <u>Haines v. Kerrner</u>, 404 U.S. 519, 520-21 (1972).

///

///

1

1    In his amended complaint, plaintiff alleges that several U.S. Forest Service
2  Employees violated his due process rights.  From the complaint it appears that plaintiff held a
3  "Helms Deep Mining Claim" in the Plumas National Forest.  He had equipment on this mining
4  claim.  Defendants notified plaintiff in February 2004 that he had to remove several items of his
5  Mineral Processing Equipment from his claim prior to May 9, 2004, or the equipment would be
6  confiscated and sold at auction.  Defendants denied plaintiff's written request to restart the
7  impoundment time (the period between the February 2004 letter and the May 9, 2004 date) due
8  to snow blocking the access road to his mining claim.  Plaintiff managed to enter his claim and
9  remove several pieces of equipment to private land; however, he apparently left some materials
10 and equipment.  When plaintiff returned to the mining site on May 14, 2004 to do "spring clean
11 up," he discovered that defendant Christofferson had entered the mining claim with a private
12 contractor and removed several tons of equipment parts and steel despite the fact that some
13 major equipment was authorized to be on the claim until November 30, 2005.
14    Plaintiff alleges that defendants violated his due process rights by ordering him to
15 remove his equipment during these months, because defendants should have been aware that
16 there was significant snowpack that would close the road leading to the mine.  He alleges that
17 his due process rights were violated when defendants refused to restart the impounding time.  He
18 alleges that his due process rights were violated when defendants hired a private contractor to
19 remove plaintiff's equipment on May 14, 2004.  Finally, he alleges that his due process rights
20 were violated when defendants posted an "Abandoned Mine Hazards" sign on a tree next to
21 plaintiff's mining shaft.
22    The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process
23 Clauses apply only when a constitutionally protected liberty or property interest is at stake.  See
24 Ingraham v. Wright, 430 U.S. 651, 672 (1977).  In order to establish a due process violation, a
25 plaintiff must first show that the laws creating these rights give rise to a legitimate claim of
26 entitlement.  See Memphis Light, Gas, and Water District v. Craft, 436 U.S. 1 (1978).  To

establish a due process violation stemming from a taking of property, a plaintiff must establish a legitimate claim of entitlement to the property.  See Bd of Regents v. Roth, 408 U.S. 564, 577 (1972).

To the extent that plaintiff claims a violation of his procedural due process because defendants set his impoundment period during a time that snowpack blocked the road and denied his request to extend the impoundment time, plaintiff has not stated a cognizable claim.  He has not alleged that he did not receive notice of defendants' plan to confiscate his property if it was not removed by May 9, 2004, nor has he alleged that he was denied any procedural rights guaranteed him.   To the extent that plaintiff alleges he has sustained an injury from the defendants placing an "Abandoning Mining Hazard" sign beside his mine, he has not stated a cognizable due process claim.

Liberally construing plaintiff's complaint, the court finds that he has stated a cognizable due process claim against defendant Christofferson only to the extent that plaintiff claims that she authorized a private contractor to remove equipment parts and steel from plaintiff's claim, which were authorized to remain on the claim until November 30, 2005.  Accordingly, service is appropriate for defendant Christofferson only.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs.

2. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process.  The court anticipates that, to effect service, the U.S. Marshal will require at least:

A.  One completed summons;

B.  One completed USM-285 form for the defendant;

c.  A copy of the endorsed filed amended complaint for defendant, with an extra copy for the U.S. Marshal; and

d.  A copy of this court's status order for the defendant.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. The plaintiff is directed to send notice to this court, in writing, when he has supplied the U.S. Marshall with the information needed to effect service on defendants.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

May 15, 2007

/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE