IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD L. SASSELLI, | No. CIV S-06-2204-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JIM PENA, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this civil rights action alleging various due process violations by employees of the United States Forest Service.

      This action proceeds on the first amended complaint filed on April 26, 2007. Plaintiff names the following as defendants: Pena, Caston, Smolden, Heydon, and Christofferson. All defendants are sued in both their individual and official capacities. On May 17, 2007, the court determined that the amended complaint stated a cognizable claim for relief against defendant Christofferson and directed plaintiff to submit documents to the United States

1

1  Marshal for service of process on this defendant.[1]  The court now addresses the remaining
2  defendants in more detail.

3        The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
5  § 1915A(a).  The court is also required to screen complaints brought by litigants who have been
6  granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening
7  provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or
8  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
9  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and
10 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must
11 dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject
12 matter . . . ."  Because plaintiff has been granted leave to proceed in forma pauperis, the court
13 will screen the complaint pursuant to § 1915(e)(2).

14       Plaintiff's first claim is directed against defendant Pena, who is a supervisor with
15 the National Forest Service.  Plaintiff alleges:

16 > Defendant J. Pena was or should have been aware of or informed
> of the coercive and unreasonable acts and omissions of defendants J.
17 > Caston, Rodney Smolden, Karen Heydon, and Tricia Christofferson,
> proper supervision of the named Defendants would or should have
18 > prevented the stated violations of Plaintiff's civil rights.

19       Supervisory personnel, such as defendant Pena, are generally not liable for the
20 actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that
21 there is no respondeat superior liability under § 1983).  A supervisor is only liable for the
22 constitutional violations of subordinates if the supervisor participated in or directed the
23 violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.

---

[1] On June 1, 2007, a notice of submission of documents was filed.  It is not clear, however, whether plaintiff submitted service documents to the court or directly to the United States Marshal as directed in the May 17, 2007, order.  If plaintiff has not submitted documents directly to the United States Marshal, he should do so immediately.

When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the amended complaint alleges that defendant Pena "was or should have been aware" of the alleged conduct of other defendants he supervised.  As outlined above, this is insufficient because supervisory liability requires actual participation or actual knowledge.  In this case, plaintiff has not alleged either. Because there is nothing in the amended complaint beyond the conclusory allegation that defendant Pena should be liable solely by virtue of his role as a supervisor, it does not appear that this pleading defect can be cured by amendment.  Specifically, there are no facts alleged elsewhere in the complaint to suggest actual knowledge or participation by defendant Pena.  Defendant Pena should be dismissed.

Plaintiff's second claim is directed against defendant Smolden.  The allegations are as follows:

> At all times relative to this complaint defendant R. Smolden arbitrarily and capriciously defied not just the law, but common sense and fundamental fairness.
>
> On February 5, 2004,  Plaintiff was notified by certified mail acting District Ranger R .Smolden that listed key items of Plaintiff's Mineral Processing Equipment was impounded in place.  Plaintiff was offered 90 days or no later than midnight May 9, 2004, to remove said equipment from U.S. Forest Service lands or said equipment would be confiscated and sold at auction.
>
> Defendant R. Smolden was surely aware of the fact that any significant snow pack would close the 14 mile road to the mine from January to Late May.
>
> Defendant R. Smolden violated Plaintiff's Civil Rights under the Due Process clause.

Due process requires that certain procedures be followed to ensure that government action is fair.  Plaintiff has not, however, alleged that required procedures were not

3

followed or that the procedures themselves are unfair. Specifically, plaintiff alleges that specific procedures were followed – he was sent a letter by certified mail and he was given 90 days to respond. Plaintiff does not allege that other procedures were required but not followed. Moreover, plaintiff's allegation that defendant Smolden "was surely aware" does not equate to an allegation that he was actually aware. As such, the key component of plaintiff's claim against defendant Smolden is purely speculative and conclusory.[2] Defendant Smolden should be dismissed.

> Plaintiff third claim is directed against defendant Caston. Plaintiff alleges:
>
>> On April 26, 2004, Plaintiff sends certified mail to Defendant J. Caston requesting an amendment to Plaintiff's 1998 Plan of Operation, said amendment reflects further downsizing of operations, said letter to J. Cason also contains a request to restart the impoundment and redemption period due to snow preventing access to Plaintiff's Helms Deep Mining Claim.
>>
>> On April 27, 2004 (1 day later), Plaintiff received Defendant J. Caston's response to Plaintiff's April 26 letter with total denial of the amendment of 1998 Plan and the request to restart impoundment time.
>>
>> By Defendant J. Caston's arbitrary and capricious action of not restarting the time to redeem said equipment he is in fact *withholding* it from Plaintiff "the entitled party," thereby denying the Plaintiff's Due Process Rights (emphasis in original).

Initially, the court observes that plaintiff's claim against defendant Cason relates to his denial of plaintiff's request to extend the 90-day cure period. Plaintiff does not allege that defendant Caston violated his due process rights with respect to amendment of the 1998 plan. In addition, the court notes that plaintiff's due process claim goes to property interests given that plaintiff alleges that defendant Caston improperly withheld his property.

The key allegation against defendant Caston is that he was "arbitrary and capricious" in not extending the 90-day cure period. Again, as with defendant Smolden, plaintiff

---

[2] In his third claim, plaintiff alleges that he sent a letter requesting an extension due to heavy snow to defendant Caston. He does not, however, allege that he sent the same letter to defendant Smolden.

has not stated a claim based on deprivation of procedural due process guarantees – he has not alleged that procedures were not followed. Rather, he takes issue with the result of the procedures that were followed – the denial of his requested extension. In addition, the allegation that defendant Caston was "arbitrary and capricious" is conclusory in that plaintiff does not state the reason defendant Caston denied the request, which would have been recited in the April 27, 2004, letter. Defendant Caston should be dismissed.

Plaintiff's fourth claim is directed against defendant Christofferson. The court has determined that service is appropriate for this defendant. Plaintiff claims that this defendant violated his due process rights by authorizing a private contractor to remove equipment parts and steel from plaintiff's claim, which were authorized to remain on the claim until November 30, 2005.

Plaintiff's fifth claim is directed against defendant Heydon. Plaintiff alleges:

> Defendant K. Heydon in her official capacity as acting District Ranger arbitrarily and capriciously without notice or due process to Plaintiff posted a large "abandoned Mine Hazards" sign on a tree next to Plaintiff's 4' diameter steel lined and capped mine shaft. The sign listed five hazards – none of which existed, and furthermore, the mine was and is not abandoned. This reckless act effectively opened the Plaintiff's mine to thievery, resulting in the loss of a great deal of equipment and tools.

The gravamen of plaintiff's claim against defendant Heydon is that placement of the sign resulted in plaintiff's equipment being stolen.[3] This does not state a due process claim against defendant Heydon because she cannot be held responsible for the intervening and unexpected acts of third parties who stole plaintiff's property. Moreover, plaintiff does not explain how simply posting the sign made plaintiff's property more vulnerable to theft. Defendant Heydon should be dismissed.

///

---

[3] While plaintiff alleges that the sign was placed without notice, suggesting a potential procedural due process violation, plaintiff does not allege that the lack of notice caused him harm. Rather, it is the notice itself which plaintiff alleges resulted in the theft of his property.

Based on the foregoing, the undersigned recommends that defendants Pena, Smolden, Caston, and Heydon be dismissed and that this action proceed against defendant Christofferson only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 8, 2007.

                                                                     **CRAIG M. KELLISON**
                                                                     UNITED STATES MAGISTRATE JUDGE