1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CLIFFORD L. SASSELLI,                    No. CIV S-06-2204 GEB-CMK

12              Plaintiff,

13        vs.                          FINDINGS AND RECOMMENDATIONS

14   JIM PENA, et al.,

15              Defendants.

16   _____/

17              Plaintiff, who is proceeding pro se, brings this civil rights action against

18   employees of the United States Forest Service.  Pending before the court is defendant

19   Christofferson's motion to dismiss (Doc. 26). Plaintiff filed a response in opposition (Doc. 29).

20   Defendant also filed a reply (Doc. 31).  This matter is was taken off calendar pursuant Local Rule

21   78-230(h).

22              BACKGROUND

23              Plaintiff filed this action against several employees of the United States Forest

24   Service.  His original complaint was filed on October 5, 2006.  Because not all of plaintiff's

25   claims were cognizable, he was provided an opportunity to file an amended complaint, which he

26   has done. This action now proceeds on the first amended complaint filed April 26, 2007.  In his

1

1  amended complaint, plaintiff alleges defendant Christofferson violated his "civil rights to due

2  process under the Federal Tort Claims Act and the Bivens Doctrine."[1]   The basis of his claim is

3  from the removal of equipment from a mining claim.

4           Plaintiff alleges he held a "Helms Deep Mining Claim" in the Plumas National

5  Forest.  He had equipment on this mining claim.  He was notified in February 2004 that he had to

6  remove several items of his Mineral Processing Equipment from his claim prior to May 9, 2004,

7  or the equipment would be confiscated and sold at auction.  Plaintiff's request to restart the

8  impoundment time (the period between the February 2004 letter and the May 9, 2004 date) due

9  to snow blocking the access road to his mining claim was denied.  Plaintiff managed to enter his

10  claim and remove several pieces of equipment to private land.  However, he apparently left some

11  material and equipment.  When plaintiff returned to the mining site on May 14, 2004 to do

12  "spring clean up," he discovered that defendant Christofferson "had entered Plaintiff's mining

13  claim with a private contractor and removed several tons of equipment parts and steel" despite

14  the fact that some major equipment was authorized to be on the claim until November 30, 2005.

15           On May 17, 2007, the court determined that the amended complaint stated a

16  cognizable claim for relief against defendant Christofferson only, to the extent that plaintiff

17  claims that she authorized a private contractor to remove equipment parts and steel from

18  plaintiff's claim, which were authorized to remain on the claim until November 30, 2005.

19  Accordingly, on June 12, 2007, the undersigned issued findings and recommendations that

20  recommended the dismissal of the remaining defendants.  These findings and recommendations

21  were adopted on August 30, 2007.  The only remaining defendant in this action is defendant

22  Christofferson.

23  / / /

24  / / /

25

26           [1]   See 28 U.S.C. § 2671 et seq.; Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1   MOTION TO DISMISS

2   Defendant Christofferson moves to dismiss plaintiff's amended complaint as

3   barred by the statute of limitations, and his failure to exhaust administrative tort remedies.  She

4   brings this motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure, on the

5   grounds that it this court lack subject matter jurisdiction, and Rule 12(b)(6) for failure to state a

6   claim upon which relief can be granted.

7   In order to survive dismissal for failure to state a claim, a complaint must contain

8   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

9   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

10  Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Allegations of specific facts are not necessary so

11  long as the statement of facts gives the defendant fair notice of what the claim is and the grounds

12  upon which it rests.  See  Erickson v. Pardus, 127 S. Ct. 2197 (2007).   Weighing a motion to

13  dismiss, the question is "not whether a plaintiff will ultimately prevail but whether the claimant

14  is entitled to offer evidence to support the claims" Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);

15  see also Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007).

16  In considering a motion to dismiss under this standard, the court must accept all

17  allegations of material fact as true.  See Erickson, 127 S. Ct. at 2197.  The court must also

18  construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at

19  236; see also Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31

20  F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in

21  the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are

22  held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S.

23  519, 520 (1972).

24  To determine whether a complaint states a claim upon which relief can be granted,

25  the court generally may not consider materials outside the complaint and pleadings.  See Cooper

26  v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

1    1994).  The court may, however, consider: (1) documents whose contents are alleged in or

2    attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

3    (2) documents whose authenticity is not in question, and upon which the complaint necessarily

4    lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

5    688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

6    see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Under these standards, a statute of

7    limitations defense may be raised in a motion to dismiss.  Finally, leave to amend must be

8    granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects." Lucas v.

9    Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d

10   1122, 1126 (9th Cir. 2000) (en banc).

11            A motion to dismiss under Rule 12(b)(1), challenging subject matter jurisdiction

12   however, can either be facial or factual attacks.  If the motion is a factual attack, the court can

13   consider extrinsic evidence.  See Savage v. Glendale Union High Sch., 434 F.3d 1036, 1040 n.2

14   (9th Cir. 2003).

15                        SUBJECT MATTER JURISDICTION

16            Defendant claims this court lacks subject matter jurisdiction because plaintiff

17   failed to exhaust his administrative remedies by filing an administrative claim.  The Federal Tort

18   Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., provides the exclusive remedy for tort claims

19   against the United States committed by governmental employees in the course and scope of their

20   employment. See 28 U.S.C. § 1346(b); Kennedy v. U.S. Postal Serv., 145 F.3d 1077 (1998).  In

21   addition, a claim under the FTCA would be against the United States, not the individual

22   employee. See Kennedy, 145 F.3d at 1078.  Prior to commencing judicial proceedings, a

23   plaintiff must first file an administrative claim with the appropriate federal agency. See 28

24   U.S.C. § 2675, Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).  This requirement is

25   jurisdictional and cannot be waived. See Burns v. United States, 764 F.2d 722, 724 (9th Cir.

26   1985).

1      Here, defendant argues plaintiff failed to file the necessary administrative claim

2 prior to bringing this action.  In support of this argument, defendant submitted a declaration from

3 L. Benjamin Young, Jr., assistant general counsel for the United States Department of

4 Agriculture.[2]  In his declaration, Mr. Young stated he searched relevant records of the United

5 States Department of Agriculture and found no claim filed by plaintiff.  Plaintiff does not dispute

6 this finding in his opposition to the motion to dismiss.  Accordingly, the motion to dismiss

7 plaintiff's FTCA claim under Rule 12(b)(1) for failure to exhaust administrative remedies should

8 be granted.[3]

9                          FAILURE TO STATE A CLAIM

10      Defendant also brings this motion under Rule 12(b)(6) for plaintiff's failure to

11 state a claim because his Bivens claim is barred by the statute of limitations.  Defendant argues

12 that plaintiff's states he discovered that defendant Christofferson entered the mining claim and

13 had his equipment removed on May 14, 2004, and the statute of limitations therefore expired on

14 May 14, 2006.  Plaintiff's original complaint was filed on October 5, 2006, almost five months

15 too late.

16      "Although federal law determines when a Bivens claim accrues, the law of the

17 forum state determines the statue of limitations for such a claim."  Papa v. United States, 281

18 F.3d 1004, 1009 (9th Cir. 2002).   The forum state's personal injury statue of limitations applies

19 to Bivens claims.  See Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991).  In California, the

20 personal injury statute of limitations is two years.  See Cal. Civ. Proc. Code § 335.1 (California's

21 statute of limitations increased from one to two years in 2003).  Accordingly, plaintiff had two

22

23      [2]   The court can consider this extrinsic evidence, which is not disputed.  See Savage,
434 F.3d at 1040 n.2.

24      [3]   The court notes defendant's argument that she is not the properly named
defendant.  The undersigned agrees.  This constitutes an additional reason for granting the
25 motion to dismiss.  In addition, leave to amend in this instant would be futile, because as
defendant notes, a motion to dismiss would be granted even if the United States was properly
26 named as a defendant based on plaintiff's failure to file his administrative claim.

1  years from the accrual of his claim to file his <u>Bivens</u> action.  "A <u>Bivens</u> claim accrues when the

2  plaintiff knows or has reason to know of the injury."  <u>Western Ctr. for Journalism v. Cederquist</u>,

3  235 F.3d 1153, 1156 (9th Cir. 2000).

4          Here, defendant is correct that plaintiff's complaint states he discovered the

5  removal of his equipment on May 14, 2004.  He therefore had two years from May 14, 2004 to

6  file his <u>Bivens</u> action.  That time expired before he filed his original complaint on October 5,

7  2006.  Plaintiff's <u>Bivens</u> action is untimely and barred by the statute of limitations.

8  Accordingly, the motion to dismiss plaintiff's <u>Bivens</u> claim under Rule 12(b)(6) for failure to

9  state a claim for which relief can be granted, as barred by the statute of limitations, should be

10  granted.

11          Based on the foregoing, the undersigned recommends that defendant

12  Christofferson's motion to dismiss (Doc. 26) be granted and the Clerk of Court be directed to

13  enter judgment and close this case.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations."  Failure to file objections within the specified time may waive

19  the right to appeal.  <u>See Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20

21  DATED:  May 28, 2008

22

23  **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE

24

25

26

6